The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 01:31 PM May 28, 2021

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DILLON HAWK LANEY AND | ) | CASE NO. 19-62315 |
| EMILY MARIE LANEY, | ) | |
| | ) | RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    Now before the court are three motions, one to avoid a judgment lien held by Crown Asset Management LLC ("Crown Asset") and two to avoid Capital One Bank (USA) NA ("Capital One") judgment liens. Debtors proceed under 11 U.S.C. § 522(f). Although the Crown Asset motion is unopposed, the Capital One motions are deficient and the response deadline has not expired. Upon review, the court finds that Debtors are not entitled to judgment as a matter of law and further prosecution of the motions is not supported.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(K). The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a chapter 7 case on November 18, 2019. According to their schedules, they did not own any real estate on that date and they did not claim an exemption in real estate. An amendment to the Statement of Financial Affairs indicates that Debtor Emily Laney transferred real estate in Paris, Ohio to her ex-spouse on November 1, 2019 pursuant to a separation agreement.

The only secured debt listed on Schedule D is a car loan. Although Schedule F contains debts with notations concerning judgment liens, the claims are identified as unsecured as follows:

| | |
|---|---|
| Capital One Bank USA NA<br>c/o Cheek Law Offices<br>471 Broad St E – 12th Floor<br>Columbus, OH 43215 | $2,875.30<br>Debtor Emily Laney only<br>Judgment Lien filed Canton Municipal<br>Court - Re: Case No. 2016 CVF 6349 |
| Capital One Bank USA NA<br>c/o Cheek Law Offices<br>471 Broad St E – 12th Floor<br>Columbus, OH 43215 | $1,483.03<br>Debtor Emily Laney only<br>Judgment Lien filed Canton Municipal<br>Court - Re: Case No. 2017 CVF 0323 |
| Crown Asset Management LLC<br>c/o Levy & Associates<br>4645 Executive Dr.<br>Columbus, OH 43220 | $1,189.25<br>Debtor Emily Laney only<br>Judgment Lien - Case No. 2018 CVF 7255<br>Canton Municipal Court |

In September 2020, Debtors began attempting to avoid the liens. Numerous deficiencies were issued. On May 20, 2021, the court issued an order setting deadlines for actions related to the motions.

## DISCUSSION

With few exceptions, when a debtor files a bankruptcy case, all the debtor's legal and equitable interests in property become part of the bankruptcy estate. 11 U.S.C. § 541. The Bankruptcy Code then permits debtors to exclude certain assets or amounts in assets from the bankruptcy estate and the reach of creditors through exemptions. 11 U.S.C. § 522. These exemptions provide debtors with minimal means to start over after bankruptcy:

> The historical purpose of ... exemption laws has been to protect a
> debtor from his creditors, to provide him with the basic necessities
> of life so that even if his creditors levy on all of his nonexempt

2

property, the debtor will not be left destitute and a public charge.

Sheehan v. Morehead (In re Morehead), 283 F.3d 199, 206 (4th Cir. 2002) (quoting H.R. Rep. No. 95-595, at 126 (1977)).

As part of the exemption scheme, Debtors may avoid the fixing of liens on property under 11 U.S.C. § 522(f):

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subjection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind specified in section 523(a)(5) . . .

In order to avoid a lien under this provision, the statute identifies two fundamental requirements: (1) debtor has an interest in property, and (2) is entitled to an exemption. On the facts before the court, Debtor Emily Laney meets neither requirement.

Debtors' motions to avoid seek to avoid liens on Ms. Laney's previous residence. The motions do not claim a present interest in the property, calling it her "former" residence, referencing the transfer to her ex-husband, and stating the property would be exempt if still owned by her. Based on what is before the court, Debtor does not have an interest in the subject property.

Nor do the motions identify an exemption that is impaired by the liens. Presumably, it is a homestead exemption but Debtor has not claimed, nor can she claim, a homestead exemption in non-residential the subject real estate because the exemption applies to "one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." O.R.C. § 2329.66(a)(1)(A). Debtor's residential address at the time of filing was listed as 609 Chestnut St., Minerva, Ohio, not the Paris, Ohio property.

Even if the above were not impassable obstacles, Debtor failed to meet the Court's requirements for lien avoidance set forth in its December 21, 2005 memoranda.[1]

For these reasons, the court finds that Debtor is unlikely to succeed on her motions to avoid the liens and that further effort, including issuance of deficiency notices and review of orders, is an unnecessary expenditure of the court's resources. The court will immediately deny the motions by separate order.

---

[1] The memo is available at https://www.ohnb.uscourts.gov/sites/default/files/memoranda/memo-20051221-motions-and-orders-avoid-liens-real-estate-chapter-7-cases-rk.pdf

# # #

**Service List:**

Dillon Hawk Laney
Emily Marie Laney
609 Chestnut Street
Minerva, OH 44657

Giancarlo Variola
Caplea & Variola Co., LPA
610 Market Avenue North
Canton, OH 44702

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Capital One Bank USA NA
c/o Cheek Law Offices
471 Broad St E – 12th Floor
Columbus, OH 43215

Crown Asset Management LLC
c/o Levy & Associates
4645 Executive Dr.
Columbus, OH 43220